DONALD W. SEARLES (Cal. Bar No. 135705)
Email: searlesd@sec.gov
JOHN J. GRAUBARD (Pro Hac Vice Pending)
Email: graubardj@sec.gov
JUDITH WEINSTOCK (Pro Hac Vice Pending)
Email: weinstockj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Los Angeles Regional Office
Michele Wein Layne, Regional Director
John W. Berry, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, CA 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. No. 2:16-CV-5799 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| RONALD S. BLOOMFIELD and JAMES EARL MARTIN, SR., | |
| Defendants. | |

Plaintiff Securities and Exchange Commission ("SEC") alleges:

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is founded upon Sections 20(c) and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(c) and 77v(a), and upon Sections 21(e)(1) and 27(a) of the Exchange Act, 15 U.S.C. §§ 78u(e)(1) and 78aa(a).

2. Venue lies in the Central District of California pursuant to Section 22(a)

of the Securities Act, 15 U.S.C. § 77v(a), and Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a), in that the Defendants Ronald S. Bloomfield ("Bloomfield") and James Earl Martin, Sr. ("Martin") are residents of the Central District of California.

## INTRODUCTION

3.  The Commission in this action seeks to enforce the Order entered by the Commission on February 7, 2014, *Ronald S. Bloomfield*, Securities Act Rel. No. 9553, 2014 WL 768828 (Feb. 27, 2014)against Ronald S. Bloomfield ("Bloomfield") and James Earl Martin, Sr. ("Martin"), pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), and Section 21(e)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1).  A copy of the Commission Order is attached as Exhibit 1; a copy of the Commission's Opinion (the "Commission Opinion") is attached as Exhibit 1, and a copy of the Order entered upon the Commission's Opinion (the "Commission Order") is attached as Exhibit 2.

4.  The Commission Opinion (Exhibit 1) found that Bloomfield and Martin had violated Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and (c)by selling unregistered securities to the investing public, and that they had aided and abetted Leeb Brokerage Services, Inc. ("Leeb") in Leeb's violation of Section 17(a) of the Exchange Act, 15 U.S.C. § 78q(a), and Rule 17a-8 thereunder, 17 C.F.R. § 240.17a-8.

5.  The Commission Order (Exhibit 2) required that Bloomfield pay disgorgement of $23,465.75, prejudgment interest of $7,377.19, and a civil money penalty of $650,000.00.  The Commission Order further required that Martin pay disgorgement of $83,135.80, prejudgment interest of $26,136.19, and a civil money penalty of $650,000.00.  Neither Bloomfield nor Martin has paid any portion of the disgorgement, prejudgment interest, or civil money penalty imposed on each of them by the Commission Order.

6.  This action is properly assigned to the Western Division of the Central District of California in that Bloomfield and Martin are each residents of Los Angeles

County.

## PARTIES

7. The Commission is an agency of the United States Government with its principal office located at 100 F Street, NE, Washington, DC 20549. The Commission's Los Angeles Regional Office is located at 444 South Flower Street, Suite 900, Los Angeles, CA 90071, and the Commission's New York Regional Office is located at 200 Vesey Street, Room 400, New York, NY 10281-1022.

8. Bloomfield, age 68, is a resident of Westlake Village (Los Angeles County), California.

9. Martin, age 74, is a resident of South Pasadena (Los Angeles County), California.

## ALLEGATIONS

10. On April 27, 2010, the Commission instituted a public cease-and-desist and administrative proceeding against Bloomfield and Martin, along with Robert Gorgia ("Gorgia") and Victor Labi ("Labi") by an Order Instituting Proceedings. *Ronald S. Bloomfield*, Securities Act Rel. No. 9121, 2010 WL 1697511 (April 27, 2010).

11. On April 26, 2011, Chief Administrative Law Judge Brenda P. Murray entered an Initial Decision as to Bloomfield, Martin, Gorgia, and Labi. *Ronald S. Bloomfield*, Initial Decision Rel. No. 416-A, 2011 WL 1591533 (April 26, 2011).

12. Labi did not seek review of the Initial Decision and on June 17, 2011 the Commission, by delegated authority, entered a Finality Order as to Labi. *Victor Labi*, Exchange Act Rel. No. 64689, 2011 WL 2433373 (June 17, 2011).

13. Bloomfield, Martin, and Gorgia requested that the Commission review the Initial Decision. On February 27, 2014 the Commission rendered the Commission Opinion and entered the Commission Order.

14. The Commission Opinion found, as to Bloomfield and Martin, that:

a. Bloomfield and Martin were registered representative as Leeb Brokerage Services, Inc. ("Leeb"), a former registered broker-dealer (Ex. 1, p. 1);

b. Bloomfield and Martin, as a team, established a penny stock business at a succession of broker-dealers, including Leeb (Ex. 1, p. 3);

c. Bloomfield and Martin allowed at least six accounts to be controlled by Darrel Uselton and his family, and knew that Daniel Uselton was a stock promoter who received issuers' stock in return for his promotional services (Ex. 1, p. 4);

d. Bloomfield and Martin also had a seventh account with Thimble Capital Ltd., which had been referred to them by Daniel Uselton (Ex. 1, p. 5);

e. Bloomfield and Martin received multiple warnings about the possibility of illegal activity in these seven accounts, but failed to do anything in response (Ex. 1, p. 6);

f. Bloomfield and Martin failed to conduct a reasonable inquiry as to the source of the securities in these seven accounts (Ex. 1, p. 7);

g. Bloomfield and Martin violated the registration requirements of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. § 77e(a) and (c) (Ex. 1, p. 8);

h. Bloomfield and Martin aided and abetted Leeb's reporting violations under Exchange Act Rule 17a-8, 17 C.F.R. § 240.17a-8 relating to the reporting of suspicious financial transactions (Ex. 1, p. 22); and

i. Bloomfield and Martin aided and abetted Leeb's violation of Section 17(a) of the Exchange Act, 15 U.S.C. § 78q(a), and

      Exchange Act Rule 17a-8, 17 C.F.R. § 240.17a-8, by failing to file suspicious activity reports (Ex. 1, p. 24).

15. The Commission Order, entered on February 27, 2014, ordered, with respect to Bloomfield and Martin, that:

  a. Bloomfield and Martin were barred from association with any broker or dealer and from participation in any penny stock offering (Ex. 2, p. 1);

  b. Bloomfield and Martin were ordered to cease and desist from committing or causing any violations or future violations of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and (c), and of Section 17(a) of the Exchange Act, 15 U.S.C. § 78q(a), and Exchange Act Rule 17a-8, 17 C.F.R. § 240.17a-8 (Ex. 2, p. 1);

  c. Bloomfield was ordered to disgorge $23,465.75, plus prejudgment interest from June 1, 2007 to the date of the Commission Order of $7,337.19 (Ex. 2, p.2);

  d. Martin was ordered to disgorge $83,135.80, plus prejudgment interest from June 1, 2007 to the date of the Commission Order of $26,136.19 (Ex. 2, p.2); and

  e. Bloomfield and Martin were each ordered to pay a civil money penalty in the amount of $650,000 (Ex. 2, p.2).

As Gorgia died before the Commission Order entered, the proceedings as to him were dismissed. *Robert Gorgia*, Exchange Act Rel. No. 74683, 2015 WL 1546302 (April 5, 2015).

16. Bloomfield and Martin filed a Petition for Review with the United States Court of Appeals for the Ninth Circuit. Bloomfield v. SEC, 14-71133 (9th Cir.). On May 4, 2016, the Ninth Circuit denied their Petition for Review. *Bloomfield v. SEC*, ___ Fed. Appx. ___, 2016 WL 2343244 (9th Cir. May 4, 2016).

17. Additional prejudgment interest has accrued on the amounts of disgorgement imposed by the Commission Order on Bloomfield and Martin pursuant to Rule 600 of the Commission's Rules of Practice, 17 C.F.R. § 201.600.

18. Interest has accrued on the amounts of the civil penalties imposed by the Commission Order pursuant to 31 U.S.C. § 3717

19. Bloomfield has paid no portion of the disgorgement, prejudgment interest, and civil penalty as directed by the Commission Order, and as of August 1, 2016 the following amounts are due and owing:

| | |
|---|---|
| Disgorgement | $23,465.75 |
| Prejudgment Interest 7/1/2007 to 2/27/2014 | $7,337.19 |
| Prejudgment Interest 2/28/2014 to 8/1/2016 | $2,470.27 |
| Civil Money Penalty | $650,000.00 |
| Interest on Civil Money Penalty | $15,767.72 |
| TOTAL | $699,040.93 |

20. Martin has pain no portion of the disgorgement, prejudgment interest, and civil penalty as directed by the Commission Order, and as of August 1, 2016 the following amounts are due and owing:

| | |
|---|---|
| Disgorgement | $83,135.80 |
| Prejudgment Interest 7/1/2007 to 2/27/2014 | $26,136.19 |
| Prejudgment Interest 2/28/2014 to 8/1/2016 | $8,610.18 |
| Civil Money Penalty | $650,000.00 |
| Interest on Civil Money Penalty | $15,767.92 |
| TOTAL | $783,649.89 |

### FIRST CLAIM FOR RELIEF

21. Section 20(c) of the Securities Act, 15 U.S.C. § 77t(c), provides: Upon application of the Commission, the district courts of the United States and the United States courts of any Territory shall have jurisdiction to issue writs of mandamus commanding any person to comply with the

1 provisions of this subchapter or any order of the Commission made in
2 pursuance thereof.
3     22.    Section 21(e)(1) of the Exchange Act, 15 U.S.C. § 78u(e)(1), provides:
4 Upon application of the Commission the district courts of the United
5 States … shall have jurisdiction to issue writs of mandamus, injunctions,
6 and orders commanding (1) any person to comply with the provisions of
7 this chapter, the rules, regulations, and orders thereunder,….
8     23.    Proceedings under these provisions are summary in nature. *SEC v.*
9 *Vindman,* 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy,* 322
10 F.3d 650, 659 (9th Cir. 2003). In *McCarthy,* the Ninth Circuit held that "summary
11 proceedings may be 'conducted without formal pleadings, on short notice, without
12 summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"
13     24.    In such proceedings Bloomfield and Martin may not challenge the
14 validity of the order the Commission seeks to enforce in such proceedings. *SEC v.*
15 *Gerasimowicz*, 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F.
16 Supp.2d 781, 783 (S.D.N.Y. 2006); *SEC v. Stoecklein,* 2015 WL 6455602 at *1 (S.D.
17 Cal. Oct. 26, 2015). "By the time a § 21(e)(1) application is filed by the
18 Commission, the time and opportunity for adjudicating the merits of the claim have
19 been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

### PRAYER FOR RELIEF

21     WHEREFORE, the SEC respectfully requests that the Court:

**I.**

23     Enter a Judgment enforcing the Commission Order by requiring Bloomfield to
24 pay:
25     1.    Disgorgement of $23,465.75;
26     2.    Prejudgment interest pursuant to Rule 600 of the Commission's Rules of
27 Practice, 17 C.F.R. § 201.600 from June 1, 2007 through the date that Judgment is
28 entered in this action;

1      3.     A civil money penalty of $650,000.00; and

2      4.     Interest on the civil money penalty from February 27, 2014 to the date the Judgment is entered pursuant to 31 U.S.C. § 3717.

**II.**

Enter a Judgment enforcing the Commission Order by requiring Martin to pay:

      1.     Disgorgement of $81,135.80;

      2.     Prejudgment interest pursuant to Rule 600 of the Commission's Rules of Practice, 17 C.F.R. § 201.600, from June 1, 2007 through the date that Judgment is entered in this action;

      3.     A civil money penalty of $650,000.00; and

      4.     Interest on the civil money penalty from February 27, 2014 to the date the Judgment is entered pursuant to 31 U.S.C. § 3717.

**III.**

Order such other relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law..

**IV.**

Order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308

**V.**

Retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

//
//
//
//
//

**VI.**

Order such other and further relief as may be just and proper..

Dated:  August 4, 2016

                                           */s/ Donald W. Searles*
                                           DONALD W. SEARLES
                                           Attorney for Plaintiff
                                           Securities and Exchange Commission