1  DONALD W. SEARLES
   (Cal. Bar No. 135705)
2  Email: searlesd@sec.gov
   JOHN J. GRAUBARD
3  (Pro Hac Vice NY Bar No. 1517105)
   Email: graubardj@sec.gov
4  JUDITH A. WEINSTOCK
   (Pro Hac Vice NY Bar No. 2877504)
5  Email: weinstockj@sec.gov

6  Attorneys for Plaintiff
   Securities and Exchange Commission
7  Los Angeles Regional Office
   Michele Wein Layne, Regional Director
8  John W. Berry, Regional Trial Counsel
   444 S. Flower Street, Suite 900
9  Los Angeles, CA 90071
   Telephone: (323) 965-3998
10 Facsimile: (213) 443-1904

11 Securities and Exchange Commission
   New York Regional Office
12 Andrew M. Calamari, Regional Director
   200 Vesey Street, Room 400
13 New York, NY 10281-1022
   Telephone: (212) 336-0084 (Graubard)
14 Facsimile: (212) 336-1323

15

16              **UNITED STATES DISTRICT COURT**

17              **CENTRAL DISTRICT OF CALIFORNIA**

18                      **Western Division**

19 | SECURITIES AND EXCHANGE      | Case No. 2:16-CV-05799-KS
20 | COMMISSION,                  |

21 |            Plaintiff,        |

22 |         vs.                  | **CORRECTED**
                                    **COMPLAINT**
23 | RONALD S. BLOOMFIELD and     |
   | JOHN EARL MARTIN, SR.,       |
24 |            Defendants.       |

25

26     The Plaintiff Securities and Exchange Commission (the "Commission")

27 alleges:

28

                              1              Case No. 2:16-CV-05799-KS

1

2

3

4

## JURISDICTION AND VENUE

1.     The jurisdiction of this Court is founded upon Sections 20(c) and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(c) and 77v(a), and upon Sections 21(e)(1) and 27(a) of the Exchange Act, 15 U.S.C. §§ 78u(e)(1) and 78aa(a).

2.     Venue lies in the Central District of California pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a), in that the Defendants Ronald S. Bloomfield ("Bloomfield") and John Earl Martin, Sr. ("Martin") are residents of the Central District of California.

## INTRODUCTION

3.     The Commission in this action seeks to enforce the Order entered by the Commission on February 7, 2014, *Ronald S. Bloomfield*, Securities Act Rel. No. 9553, 2014 WL 768828 (Feb. 27, 2014) against Ronald S. Bloomfield ("Bloomfield") and John Earl Martin, Sr. ("Martin"), pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), and Section 21(e)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1).  A copy of the Commission Opinion is attached as Exhibit 1 and a copy of the Order entered upon the Commission's Opinion (the "Commission Order") is attached as Exhibit 2.

4.     The Commission Opinion (Exhibit 1) found that Bloomfield and Martin had violated Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and (c), by selling unregistered securities to the investing public, and that they had aided and abetted Leeb Brokerage Services, Inc. ("Leeb") in Leeb's violation of Section 17(a) of the Exchange Act, 15 U.S.C. § 78q(a), and Rule 17a-8 thereunder, 17 C.F.R. § 240.17a-8.

5.     The Commission Order (Exhibit 2) required that Bloomfield pay disgorgement of $23,465.75, prejudgment interest of $7,377.19, and a civil money

1   penalty of $650,000.00.  The Commission Order further required that Martin pay

2   disgorgement of $83,135.80, prejudgment interest of $26,136.19, and a civil money

3   penalty of $650,000.00.  Neither Bloomfield nor Martin has paid any portion of the

4   disgorgement, prejudgment interest, or civil money penalty imposed on each of them

5   by the Commission Order.

6        6.      This action is properly assigned to the Western Division of the Central

7   District of California in that Bloomfield and Martin are each residents of Los Angeles

8   County.

9                                        **PARTIES**

10       7.      The Commission is an agency of the United States Government with its

11  principal office located at 100 F Street, NE, Washington, DC 20549.  The

12  Commission's Los Angeles Regional Office is located at 444 South Flower Street,

13  Suite 900, Los Angeles, CA 90071, and the Commission's New York Regional

14  Office is located at 200 Vesey Street, Room 400, New York, NY 10281-1022.

15       8.      Bloomfield, age 68, is a resident of Westlake Village (Los Angeles

16  County), California.

17       9.      Martin, age 74, is a resident of South Pasadena (Los Angeles County),

18  California.

19                                     **ALLEGATIONS**

20       10.     On April 27, 2010, the Commission instituted a public cease-and-desist

21  and administrative proceeding against Bloomfield and Martin, along with Robert

22  Gorgia ("Gorgia") and Victor Labi ("Labi") by an Order Instituting Proceedings.

23  *Ronald S. Bloomfield*, Securities Act Rel. No. 9121, 2010 WL 1697511 (April 27,

24  2010).

25       11.     On April 26, 2011, Chief Administrative Law Judge Brenda P. Murray

26  entered an Initial Decision as to Bloomfield, Martin, Gorgia, and Labi.  *Ronald S.*

27  *Bloomfield*, Initial Decision Rel. No. 416-A, 2011 WL 1591533 (April 26, 2011).

28

1    12.    Labi did not seek review of the Initial Decision and on June 17, 2011 the
2    Commission, by delegated authority, entered a Finality Order as to Labi. *Victor Labi,*
3    *Exchange Act Rel. No. 64689, 2011 WL 2433373 (June 17, 2011)*.
4    13.    Bloomfield, Martin, and Gorgia requested that the Commission review
5    the Initial Decision.  On February 27, 2014 the Commission rendered the
6    Commission Opinion and entered the Commission Order.
7    14.    The Commission Opinion found, as to Bloomfield and Martin, that:
8         a.    Bloomfield and Martin were registered representative as Leeb
9               Brokerage Services, Inc. ("Leeb"), a former registered broker-
10              dealer (Ex. 1, p. 1);
11        b.    Bloomfield and Martin, as a team, established a penny stock
12              business at a succession of broker-dealers, including Leeb (Ex. 1,
13              p. 3);
14        c.    Bloomfield and Martin allowed at least six accounts to be
15              controlled by Darrel Uselton and his family, and knew that Daniel
16              Uselton was a stock promoter who received issuers' stock in
17              return for his promotional services (Ex. 1, p. 4);
18        d.    Bloomfield and Martin also had a seventh account with Thimble
19              Capital Ltd., which had been referred to them by Daniel Uselton
20              (Ex. 1, p. 5);
21        e.    Bloomfield and Martin received multiple warnings about the
22              possibility of illegal activity in these seven accounts, but failed to
23              do anything in response (Ex. 1, p. 6);
24        f.    Bloomfield and Martin failed to conduct a reasonable inquiry as to
25              the source of the securities in these seven accounts (Ex. 1, p. 7);
26        g.    Bloomfield and Martin violated the registration requirements of
27              Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. § 77e(a)
28              and (c) (Ex. 1, p. 8);

1

2

3

4

      h.    Bloomfield and Martin aided and abetted Leeb's reporting violations under Exchange Act Rule 17a-8, 17 C.F.R. § 240.17a-8 relating to the reporting of suspicious financial transactions (Ex. 1, p. 22); and

5

6

7

8

      i.    Bloomfield and Martin aided and abetted Leeb's violation of Section 17(a) of the Exchange Act, 15 U.S.C. § 78q(a), and Exchange Act Rule 17a-8, 17 C.F.R. § 240.17a-8, by failing to file suspicious activity reports (Ex. 1, p. 24).

9

10

    15.    The Commission Order, entered on February 27, 2014, ordered, with respect to Bloomfield and Martin, that:

11

12

13

      a.    Bloomfield and Martin were barred from association with any broker or dealer and from participation in any penny stock offering (Ex. 2, p. 1);

14

15

16

17

18

19

      b.    Bloomfield and Martin were ordered to cease and desist from committing or causing any violations or future violations of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and (c), and of Section 17(a) of the Exchange Act, 15 U.S.C. § 78q(a), and Exchange Act Rule 17a-8, 17 C.F.R. § 240.17a-8 (Ex. 2, p. 1);

20

21

22

      c.    Bloomfield was ordered to disgorge $23,465.75, plus prejudgment interest from June 1, 2007 to the date of the Commission Order of $7,337.19 (Ex. 2, p.2);

23

24

25

      d.    Martin was ordered to disgorge $83,135.80, plus prejudgment interest from June 1, 2007 to the date of the Commission Order of $26,136.19 (Ex. 2, p.2); and

26

27

      e.    Bloomfield and Martin were each ordered to pay a civil money penalty in the amount of $650,000 (Ex. 2, p.2).

28

As Gorgia died before the Commission Order entered, the proceedings as to him were

dismissed.  *Robert Gorgia*, Exchange Act Rel. No. 74683, 2015 WL 1546302 (April 5, 2015).

16.     Bloomfield and Martin filed a Petition for Review with the United States Court of Appeals for the Ninth Circuit.  *Bloomfield v. SEC*, 14-71133 (9th Cir.).  On May 4, 2016, the Ninth Circuit denied their Petition for Review.  *Bloomfield v. SEC*, ___ Fed. Appx. ___, 2016 WL 2343244 (9th Cir. May 4, 2016).

17.     Additional prejudgment interest has accrued on the amounts of disgorgement imposed by the Commission Order on Bloomfield and Martin pursuant to Rule 600 of the Commission's Rules of Practice, 17 C.F.R. § 201.600.

18.     Interest has accrued on the amounts of the civil penalties imposed by the Commission Order pursuant to 31 U.S.C. § 3717.

19.     Bloomfield has paid  no portion of the disgorgement, prejudgment interest, and civil penalty as directed by the Commission Order, and as of August 1, 2016 the following amounts are due and owing:

> Disgorgement...........................................................$23,465.75
> Prejudgment Interest 7/1/2007 to 2/27/2014 ................$7,337.19
> Prejudgment Interest 2/28/2014 to 8/1/2016 ................$2,470.27
> Civil Money Penalty.................................................$650,000.00
> Interest on Civil Money Penalty................................$15,767.72
> TOTAL ...................................................................$699,040.93

20.     Martin has pain no portion of the disgorgement, prejudgment interest, and civil penalty as directed by the Commission Order, and as of August 1, 2016 the following amounts are due and owing:

> Disgorgement...........................................................$83,135.80
> Prejudgment Interest 7/1/2007 to 2/27/2014 ..............$26,136.19
> Prejudgment Interest 2/28/2014 to 8/1/2016 ................$8,610.18
> Civil Money Penalty.................................................$650,000.00

Interest on Civil Money Penalty ...............................$15,767.92

TOTAL ...................................................................$783,649.89

### FIRST CLAIM FOR RELIEF

21.     Section 20(c) of the Securities Act, 15 U.S.C. § 77t(c), provides:

Upon application of the Commission, the district courts of the United

States and the United States courts of any Territory shall have

jurisdiction to issue writs of mandamus commanding any person to

comply with the provisions of this subchapter or any order of the

Commission made in pursuance thereof.

22.     Section 21(e)(1) of the Exchange Act, 15 U.S.C. § 78u(e)(1), provides:

Upon application of the Commission the district courts of the United

States … shall have jurisdiction to issue writs of mandamus, injunctions,

and orders commanding (1) any person to comply with the provisions of

this chapter, the rules, regulations, and orders thereunder,….

23.     Proceedings under these provisions are summary in nature. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003).  In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

24.     In such proceedings Bloomfield and Martin may not challenge the validity of the order the Commission seeks to enforce in such proceedings. *SEC v. Gerasimowicz*, 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006); *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015).  "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests:

### **I.**

That the Court enter a Judgment enforcing the Commission Order by requiring Bloomfield to pay:

1.    Disgorgement of $23,465.75;

2.    Prejudgment interest pursuant to Rule 600 of the Commission's Rules of Practice, 17 C.F.R. § 201.600, from June 1, 2007 through the date that Judgment is entered in this action;

3.    A civil money penalty of $650,000.00; and

4.    Interest on the civil money penalty from February 27, 2014 to the date the Judgment is entered pursuant to 31 U.S.C. § 3717.

### **II.**

That the Court enter a Judgment enforcing the Commission Order by requiring Martin to pay:

1.    Disgorgement of $81,135.80;

2.    Prejudgment interest pursuant to Rule 600 of the Commission's Rules of Practice, 17 C.F.R. § 201.600, from June 1, 2007 through the date that Judgment is entered in this action;

3.    A civil money penalty of $650,000.00; and

4.    Interest on the civil money penalty from February 27, 2014 to the date the Judgment is entered pursuant to 31 U.S.C. § 3717.

### **III.**

That the Court order such other relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

**IV.**

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

**V.**

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

**VI.**

That the Court order such other and further relief as may be just and proper.

Dated:        August 24, 2016              */s/ John J. Graubard*
                                           JOHN J. GRAUBARD
                                           Attorney for Plaintiff
                                           Securities and Exchange Commission

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///