JS-6

NOTE CHANGES MADE BY COURT.

```
FILED
CLERK, U.S. DISTRICT COURT

3/21/2017

CENTRAL DISTRICT OF CALIFORNIA
BY:    CW        DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RONALD S. BLOOMFIELD and JOHN EARL MARTIN, SR.,<br><br>Defendants. | Case No. 2:16-CV-05799-MWF-AFM<br><br>**JUDGMENT AGAINST DEFENDANT RONALD S. BLOOMFIELD**<br><br>**Judicial Officer:**<br>**Hon. Michael W. Fitzgerald** |

The matter came before the Court upon the Stipulation of Settlement between Plaintiff Securities and Exchange Commission (the "Commission") and Defendant Ronald S. Bloomfield ("Bloomfield").

The Court, having considered the Commission's Corrected Complaint (DN 14), the Stipulation of Settlement (DN 44), and the papers and proceedings filed and had herein, finds that good cause exists for such Judgment to be entered on the Stipulation of Settlement and the relief sought therein ordered.

**I.**

**ORDERED, ADJUDGED, AND DECREED** that the Commission Order as to Bloomfield be and the same is hereby enforced with respect to the amounts due under the Commission Order as to the civil money penalty and interest thereon

pursuant to 31 U.S.C. § 3717, the Commission having withdrawn that portion of the Corrected Complaint seeking to enforce the Commission Order with respect to the payment of disgorgement and prejudgment interest, as Bloomfield has fully satisfied such obligations.

## II.

**FURTHER ORDERED, ADJUDGED, AND DECREED** that Bloomfield shall pay to the Commission, to be remitted to the United States Treasury, the following amounts with respect to disgorgement and prejudgment interest:

| | |
|---|---|
| Civil penalty set by the Commission Order on February 27, 2014 | $650,000.00 |
| Interest from February 28, 2014 through March 9, 2017 | $20,069.86 |
| Total civil penalty and interest due as of March 9, 2017 | $670,069.86 |

Such payments shall be made in one of the following ways:

  (a)   Bloomfield may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request;

  (b)   Bloomfield may make direct payment from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm or

  (c)   Bloomfield may pay by certified check, bank cashier's check, or States postal money order, made payable to the Securities and Exchange Commission and hand-delivered or mailed to:

>   Enterprise Services Center
>   Accounts Receivable Branch
>   HQ Bldg., Room 181, AMZ-341
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

Payments by check or money order must be accompanied by a cover letter identifying Bloomfield as Defendant in this action, and the name of this Court and the docket number of this action; a copy of the cover letter and check or money order must be sent to John J. Graubard, Securities and Exchange Commission, New York Regional Office, 200 Vesey Street, Room 400, New York, NY 10281-1022. All payments made by Bloomfield shall first be applied to post-judgment interest pursuant to 28 U.S.C. § 1961, if any, and then to the balance due on the civil money penalty and interest pursuant to 31 U.S.C. § 3717.

### III.

**FURTHER ORDERED, ADJUDGED, AND DECREED** that execution or other proceedings to enforce the Judgment entered pursuant to this Stipulation shall be stayed so long as Bloomfield shall make payments pursuant to the Payment Plan provided in Paragraph IV below. If Bloomfield shall fail to make such payments, the Commission may move to terminate the stay upon notice to Bloomfield and, upon termination of the stay, may enforce the balance then due under the Judgment pursuant to the provisions of the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001 - 3308.

### IV.

**FURTHER ORDERED, ADJUDGED, AND DECREED** that Bloomfield shall make payment on the Judgment as follows:

    a.  **Monthly Payments**. Commencing on July 1, 2017, Bloomfield shall pay to the Commission the amount of $500.00 a month, on the first day of each month. These payments shall terminate upon Bloomfield's death, and the Commission shall have no claim against his estate or against any trust of which Bloomfield may be a beneficiary except for the amount, if any, of payments accrued and unpaid as of the date of his death.

    b.    **Lump Sum Payment**. On or before June 30, 2020, Bloomfield shall pay to the Commission, in addition to the monthly payments set forth above, the amount of $30,000.00. If Bloomfield does not make such $30,000.00 payment on or before June 30, 2020, he shall pay to the Commission the proceeds of his 1/6 interest in and to the property owned by The Rustic Oak Family Trust (which property is used as his residence and that of his spouse) when such property is sold or otherwise disposed of. In such event, the Commission may place a lien to secure the Judgment pursuant to 28 U.S.C. § 3201 on Bloomfield's 1/6 interest in and to such property. The Commission shall not have the power to force the sale of such residence. Once the $30,000.00 payment has been made under the terms of this Judgment, the Commission releases and relinquishes any and all claims, rights and liens against the property located at 31514 Rustic Oak Drive, Westlake Village, CA 91361 and upon demand the Commission agrees to execute and deliver any documentation requested by Bloomfield to evidence the release of such lien.

    c.    **Spouse Not to Be Liable for Payments**. Notwithstanding any provision of California law relating to community property and/or to the liability of one spouse for the debts of the other spouse, Bloomfield's spouse and/or her estate shall have no liability to make the payments required under this payment plan.

**FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for the purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, that the allegations of the Corrected Complaint are true, and further that any debt for civil money penalty or other amounts due from him under the Judgment or the Commission Order is a debt for the violation by Bloomfield of

- 4 -

1  the federal securities laws or any regulation or order issued under such laws, as set
2  forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

3  **FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court
4  may, subject to the foregoing, may order such relief as may be necessary for
5  enforcement of this Judgment and that this Court shall retain jurisdiction of this
6  matter for the purposes of enforcing the terms of this Judgment.

8  **IT IS SO ORDERED.**

10  DATED: March 21, 2017

_____
Honorable Michael W. Fitzgerald
United States District Judge